**Theresa M. PAGLIEI, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 2011.

Decided Feb. 3, 2012.

Theresa M. Pagliei, pro se.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Theresa M. Pagliei (Claimant) petitions *pro se* for review of the January 20, 2011, order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that Claimant is financially ineligible for benefits. For the following reasons, we affirm.

Claimant worked for Farmers Insurance Group (Employer) and its corporate predecessors from March 1998 to July 1, 2010. Employer's headquarters is located in Los Angeles, California. In July 2006, Employer moved Claimant's work location from Pennsylvania to Delaware, where Claimant worked continuously until she was laid off. (Findings of Fact, Nos. 1–4.) Claimant filed an application for Pennsylvania unemployment compensation benefits on July 4, 2010. The local job center denied Claimant's application for benefits, explaining that no wages had been reported during her base year, rendering her financially ineligible for unemployment compensation.[2]

---

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

2. Section 404 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804, sets forth the rate of compensation for various levels of qualifying wages and restricts the grant of benefits to individuals who have earned sufficient base year wages. "Base year" is defined as the first four of the last five completed calendar quarters immediately preceding the first day of an individual's "benefit year," which begins the day a valid application for benefits is filed. Sections 4(a) and (b) of the Law, 43 P.S. § 753(a) and (b).

Claimant appealed and testified at the November 2, 2010, referee's hearing. Lynne Wilczynski, a monetary supervisor for the Scranton Unemployment Compensation Service Center, participated in the hearing by telephone.[3] Claimant stated that at the time of her separation from employment she was working full time as a senior claims representative earning $31.64 per hour. Claimant, a Pennsylvania resident, testified that she originally worked for Employer in Pennsylvania, but she acknowledged that she had worked only in Delaware during the last twelve months of her employment. She also submitted documentation reflecting that she paid income taxes to Pennsylvania. Claimant did not know whether Employer reported her wages to the state of Delaware.[4] (N.T. at 8–11.)

Wilczynski testified that the state liable for unemployment compensation is the state where wages are reported, in this case, Delaware.[5] (N.T. at 14.) In response to questions and comments from Claimant concerning a similarly situated co-worker who had been granted benefits, Wilczynski explained that each case is factually different and each is decided based on its unique facts.

The referee concluded that Claimant was not financially eligible for benefits under section 404 of Law because her services for wages earned in Delaware did not constitute "employment" for purposes of section 4(l)(2)(B) of the Law, 43 P.S. § 753(l)(2)(B). Claimant appealed to the Board, which affirmed the referee's decision and adopted the referee's findings and conclusions.[6]

■ On appeal to this Court,[7] Claimant argues that nothing in section 404 of the Law specifically excludes the wages that she earned in Delaware from consideration, and, in this regard, Claimant is correct. However, whereas Claimant contends that no provision of the Law applies to bar her receipt of benefits, section 401(a) of the Law provides as follows:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act. . . .

43 P.S. § 801(a).

Further, section 4(l)(2) of the Law states:

> (2) The term "EMPLOYMENT" shall include an individual's entire *service performed within or both within and without this Commonwealth, if*—
>
> (A) *The service is localized within this Commonwealth, or*

---

3. Employer did not attend or otherwise take part in the hearing.

4. The record does not indicate whether Claimant applied for unemployment compensation from the state of Delaware.

5. The referee's Finding of Fact No. 5 states that Claimant's wages were reported to the state of Pennsylvania and to the state of Delaware.

6. As noted previously, the referee's Finding of Fact No. 5 states that Claimant's wages were reported to the state of Pennsylvania and to the state of Delaware. Although the Board expressly adopted the referee's findings, the Board contends on appeal that this finding is incorrect and that the department's records reflect that Employer reported no wages for Claimant to Pennsylvania.

7. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is accordance with the law, and whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

(B) The service is not localized in any state *but some of the service is performed within this Commonwealth and* (a) the base for operations or place from which such service is directed or controlled is in this Commonwealth, or (b) the base for operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed, but the individual's residence is in this Commonwealth. Service shall be deemed to be localized within this Commonwealth if— (a) the service is performed entirely within this Commonwealth, or (b) the service is performed both within and without this Commonwealth, but the service performed without this Commonwealth is incidental to the individual's service within this Commonwealth.... Services performed without this Commonwealth shall not be included within the term "Employment" if contributions are required and paid [by the employer] with respect to such services under an unemployment compensation law of any other state.

43 P.S. § 753(*l*)(2) (emphasis added). Thus, Claimant was required to have performed *some* of the service within the Commonwealth, and Claimant acknowledges that she did not satisfy this requirement.

Section 4(j)(5) sets forth a limited exception to the requirement that some of a claimant's services be performed in Pennsylvania:

An employer ... may elect to include within the term "employment," ... services performed by ... employes with respect to which no contributions are required and paid under an unemployment compensation law of any other state, (a) if the employe or employes, included in such election, maintain a domicile within this Commonwealth and the services of such employe or employes, are performed entirely without this Commonwealth....

43 P.S. § 753(j)(5).

A claimant has the burden to prove financial eligibility for unemployment benefits. *Jackson v. Unemployment Compensation Board of Review*, 933 A.2d 155, 157 (Pa.Cmwlth.2007). In this case, Claimant lived in Pennsylvania, but Claimant acknowledged that she did not work in Pennsylvania during her base year. Further, Claimant did not establish that Employer elected to include Claimant's services within the term "employment" and did not make unemployment compensation contributions in the state of Delaware as required under the exception at section 4(j)(5) of the Law. Therefore, the Board properly found that Claimant is ineligible for unemployment benefits from the state of Pennsylvania.[8]

Accordingly, we affirm.

### ORDER

AND NOW, this 3rd day of February, 2012, the order of the Unemployment Compensation Board of Review, dated January 20, 2011, is affirmed.

---

**8.** We reached the same conclusion affirming the Board in *Schell v. Unemployment Compensation Board of Review*, (No. 2793 C.D. 2010, filed June 10, 2011), a case involving the same employer and substantially similar facts.