**Kathryn M. DEVINE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2014.

Decided Oct. 17, 2014.

Eric J. Stark, Lancaster, for petitioner.

Teresa Heacock DeLeo, Assistant Counsel, Harrisburg, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and ROBERT SIMPSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge JAMES GARDNER COLINS.

Kathryn M. Devine (Claimant) petitions for review of the decision and order of the Unemployment Compensation Board of Review (Board), holding that she is ineligible for unemployment compensation benefits because her base year earnings do not satisfy the financial eligibility requirements of Sections 401(a) and 404 of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by Legends Hospitality, LLC (Employer), which provides catering and food services to the Barnstormers Ballpark in Lancaster, PA. (Record Item (R. Item) 12, Referee's Decision and Order, Findings of Fact (F.F.) ¶ 3; R. Item 16, Board Decision and Order; R. Item 11, Referee's Hearing Transcript (H.T.) at 3–5.) Claimant filed her application for benefits effective April 21, 2013, thereby establishing a base year consisting of the four quarters of 2012. (R. Item 12, F.F. ¶ 1.) Claimant had no earnings during the first quarter of 2012; her compensation during the remainder of the base year consisted of $5,506 during the second quarter, $15,134 during the third quarter, and $1,260 during the fourth quarter, for total base-year wages of $21,900. (R. Item 12, F.F. ¶ 2; R. Item 4, Claimant Wage Information.)

The Unemployment Compensation Service Center denied Claimant's application for benefits on the grounds that she did not satisfy the financial eligibility requirements, stating that "at least 49.5% of your qualifying wages were not paid to you outside the calendar quarter in which you had the highest wages." (R. Item 6, Notice of Financial Determination.) Claimant appealed this denial, and on July 17, 2013, the Referee conducted a hearing at which Claimant was represented by counsel. At this hearing, Claimant testified that the owner of the ballpark leased its suites for entertainment purposes outside the parameters of the regular baseball season, and Employer provided hospitality services for those suites throughout the course of the year. (R. Item 11, H.T. at 4–5.)

On July 19, 2013, the Referee issued a decision affirming the Service Center's determination and finding Claimant financially ineligible for benefits. (R. Item 12, Referee's Decision at 2.) The Referee noted that Claimant did not dispute that under the 2012 amendments to the Law, she did not meet the financial requirement that 49.5% of her qualifying wages be paid outside her highest quarter, and concluded that he had no choice but to find her ineligible for benefits. (*Id.*) Claimant appealed the Referee's decision to the Board, asserting that the 2012 amendments to the Law were enacted for the purpose of limiting claims by seasonal workers, and arbitrarily and unfairly preclude Claimant, who is employed on a year-round basis, from benefits to which she is otherwise entitled. (R. Item 13, Petition for Appeal of Referee's Decision.)

The Board affirmed the Referee's decision, adopted and incorporated the Referee's findings, and noted that it had no discretion to alter a financial requirement set by the legislature. (R. Item 16, Board Decision and Order.) Claimant filed the

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

instant petition for review appealing the Board's order to this Court.[2]

◼ It is Claimant's burden to prove that she is financially eligible for benefits. *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 26 (Pa. Cmwlth.2012); *Jackson v. Unemployment Compensation Board of Review*, 933 A.2d 155, 157 (Pa.Cmwlth.2007). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of Sections 401 and 404 of the Law for her base year. 43 P.S. §§ 801(a), 804. Section 404 of the Law, pertaining to rates and amount of compensation, establishes the manner in which the unemployment compensation amount shall be calculated for an eligible employee. A claimant's unemployment compensation benefit is calculated based upon her wages earned during her "base year," which is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a), 43 P.S. § 753(a). Section 401(a) of the Law provides:

> Compensation shall be payable to any employe who is or becomes unemployed and who
>
> (a) satisfies both of the following requirements:
>
> (1) has, within [her] base year, been paid wages for employment as required by Section 404(c) of this act.
>
> (2) Except as provided in section 404(a)(3), not less than **forty-nine and one-half percentum (49.5%)** of the employe's total base year wages have been

paid in one or more quarters, other than the highest quarter in such employe's base year.

43 P.S. § 801(a) (emphasis supplied.) Section 401(a) was amended by Section 10 of the Act of June 12, 2012, P.L. 577, effective January 1, 2013, and formerly read: "Has, within [her] base year, been paid wages for unemployment as required by Section 404(c) of this act: Provided, however, that not less than **twenty per centum (20%)** of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year." Section 18(7)(ii) of Act 2012–60 provides that the amendment of Section 401(a) of the Law shall apply to benefit years which begin after December 31, 2012, thus rendering the amended language applicable to Claimant.

◼ Before this Court, Claimant argues that the strict application of Section 401(a) of the Law is arbitrary and unfair, and the 2012 amendment to the Law was not intended to affect employees in her situation.[3] Claimant asserts that although her earnings were primarily concentrated during the baseball season, she regularly worked events that occurred outside of the season, and was therefore a year-round employee, and not the seasonal type of employee whom she alleges the Pennsylvania legislature targeted in order to reduce unemployment compensation claims and render the system solvent. Claimant does not dispute that under Sections 401(a) and 404 of the Law, the wages paid to her in her base year fail to qualify her for bene-

---

2. Our scope of review of the Board's decision that Claimant is financially ineligible for benefits is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law and whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S.

§ 704; *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 25 n. 7 (Pa.Cmwlth.2012).

3. Claimant also asserts that under the pre-amendment Law's "20 percent" rule, which was in effect until January 1, 2013, she would have been eligible for benefits.

fits. However, she asks this Court to look to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and determine that the application of the Law in her case is arbitrary and fails to meet the goals of the 2012 amendments. Claimant argues she is entitled to an alternative financial eligibility determination, based upon either the requirements of the Law prior to the 2012 amendments, or a determination wherein her total annual earnings for the base year at issue are divided by fifty-two weeks. She likens the latter method to the average weekly wage calculated for wage loss compensation in the workers' compensation area of the law, and suggests that a calculation based upon her entire annual earnings provides a more fair and accurate representation of her situation.

Pennsylvania courts have articulated the legislative intent underlying financial eligibility requirements as being a means to demonstrate a claimant's genuine attachment to the labor force. *Poola v. Unemployment Compensation Board of Review*, 520 Pa. 562, 555 A.2d 97, 99 (1989); *Lopata v. Unemployment Compensation Board of Review*, 507 Pa. 570, 493 A.2d 657, 661 (1985). In *Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 466 A.2d 107 (1983), the Pennsylvania Supreme Court considered the issue of whether the financial requirements of the Law violated the Equal Protection Clause;[4] the Court determined the appropriate standard of review, noting that the "United States Supreme Court has consistently applied only minimal scrutiny to statutory classifications employed in the regulation of economic activity. or in the distribution of economic benefits so long as those classifications do not discriminate against 'suspect classes'. If the statutory classification bears some rational relationship to a legitimate state end, it is within the legislative power." 466 A.2d at 111. In *Martin*, our Supreme Court examined the general purpose behind the requirement that a claimant earn a percentage of base year earnings outside her highest quarter as criterion for eligibility. The Court noted that:

> [v]arious methods have been adopted in the numerous jurisdictions which require claimants to earn a percentage of qualifying wages outside their highest quarter as an alternative measure for actual time worked because of the difficulty of obtaining accurate statistics for the latter. All such methods are only rough measures of time actually worked, since the amount of a claimant's earnings in any period is a function of both time and rate of compensation. They have, nevertheless, survived constitutional challenge. Thus, the rational relationship between the requirement that a claimant earn a percentage of income outside the highest quarter to a legitimate government interest is not disputed.

466 A.2d at 114–115 (citation omitted.)

The *Martin* Court concluded that "inequities in the distribution of benefits are an unfortunate concomitant of complex economic-social welfare legislation which must ultimately reflect a balance between legislative efforts to eliminate an evil, e.g., the debilitating effects of unemployment, ad-

---

4. In *Martin*, the claimant challenged the differential treatment of employees with high quarterly wages exceeding the maximum amount listed in the Table Specified for the Determination of Rate and Amount of Benefits set forth in Section 404(e)(1) of the Law (under which employees were required to earn twenty percent of their wages outside their highest quarter) from those employees such as the claimant, who had high quarterly wages below the maximum amount (under which employees were required to earn approximately thirty-five to thirty-eight percent of their wages outside their highest quarter).

ministrative realities and the problem of allocating scarce financial resources in a complex society." 466 A.2d at 119.

Here, the record does not support Claimant's assertion that she was not a seasonal employee nor do we accept her argument that the action of the legislature, in enacting the statute, was unconstitutional. Further, we find no reason why the Board should follow the markedly different measures for calculating workers' compensation benefits presented under Section 309 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582. Sections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation. Accordingly, we find no error in the Board's determination that Claimant failed to meet the financial eligibility requirements for unemployment compensation benefits and we conclude that, based on our Supreme Court's ruling in *Martin,* the 2012 amendments did not violate the Equal Protection Clause. We affirm the Board's denial of benefits.

### ORDER

AND NOW, this 17th day of October, 2014, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.