# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Staab,                                          :
                                                     :
                    Petitioner                       :
                                                     :
          v.                                          : No. 140 C.D. 2015
                                                     : Submitted: July 31, 2015
Unemployment Compensation                            :
Board of Review,                                     :
                                                     :
                    Respondent                       :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  October 23, 2015**

          Marie Staab (Claimant) petitions for review of the January 7, 2015 order of the Unemployment Compensation Board of Review (Board) concluding that Claimant did not have good cause for her failure to appear at a March 17, 2014 hearing before the Referee and denying Claimant unemployment compensation benefits because her total base year wages of $18,900 did not satisfy the financial eligibility requirements of Sections 401 and 404 of the Unemployment Compensation Law (Law).[1]  We affirm.

          Claimant initially filed for unemployment compensation benefits on September 25, 2013 and was issued a Notice of Financial Determination on September 27, 2013.  (Record Item (R. Item) 1, Claim Record; R. Item 3,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801, 804.

09/27/2013 Financial Determination.) Claimant challenged the financial determination and the notice was vacated; however, following additional investigation the Allentown Unemployment Compensation Service Center issued an October 8, 2013 Notice of Determination that concluded Claimant was financially ineligible to receive benefits. (R. Item 7, 10/08/2013 Notice of Financial Determination.) Claimant appealed and a hearing was scheduled before the Referee for December 19, 2013. (R. Item 9, 12/05/13 Notice of Hearing.) Before the Referee, the Claimant appeared, *pro se*, and testified, and an Unemployment Tax Representative, Welbon Billups, testified by telephone. (R. Item 11, 12/19/2013 Hearing Transcript (H.T.) at 1.) On December 20, 2013, the Referee issued a decision and order determining that Claimant was ineligible to receive unemployment compensation benefits because her total base year wage fell short of the amount necessary to qualify to receive benefits. (R. Item 12, 12/20/13 Referee Decision and Order.) Claimant appealed and on February 7, 2014 the Board issued an order vacating the Referee's decision. (R. Item 15, 02/07/2014 Board Decision and Order.)

In its order, the Board stated that:

> It is appropriate to vacate the Referee's decision and to remand the case to the Referee to issue a decision on the existing record as to whether [Claimant] was an independent contractor with East Coast Transport pursuant to Section 402(h) and 4(l)(2)(b) of the Law, or hold another hearing if necessary, and to issue a new decision ruling on whether [Claimant] was an independent contractor, whether the wages from the above listed employer can be included in her base year, and as to [Claimant's] financial eligibility for benefits.

(*Id.*) On March 4, 2014, a Notice of Hearing was issued scheduling a remand hearing before the Referee for March 17, 2014. (R. Item 16, 03/04/2014 Notice of

Hearing.) Claimant did not appear at the hearing or contact the Referee's office to reschedule or report a late appearance. (R. Item 17, 03/17/2014 H.T. at 1.) Maryann Smith, the Controller for East Coast Transport, LLC, Claimant's alleged employer, appeared and testified. (*Id*.) On March 27, 2014, the Board received a letter from Claimant stating that she had failed to receive notice of the March 17, 2014 hearing before the Referee, advising the Board that she had retained the assistance of counsel, and requesting a new hearing. (R. Item 18, Claimant's Letter.) On March 24, 2014 the Referee issued a decision and order again concluding that Claimant was financially ineligible to receive unemployment benefits under Sections 401 and 404 of the Law. (R. Item 19, 04/24/2014 Referee Decision and Order.) Claimant appealed *nunc pro tunc* and requested to reopen the March 17, 2014 hearing. (R. Item 21, Claimant's appeal.)

On July 7, 2014 the Board issued an order for a hearing to be scheduled to permit Claimant to offer testimony regarding: (i) Claimant's nonappearance at the March 17, 2014 hearing; (ii) the timeliness of Claimant's appeal of the Referee's March 24, 2014 decision and order; and (iii) the merits of Claimant's appeal. (R. Item 26, 07/07/14 Board Order.) The Board cautioned, however, that in the event it determines that Claimant "did not have good cause for her nonappearance at the March 17, 2014 hearing, or that she did not have good cause to file a late appeal from the Referee's decision, the Board will not consider additional testimony on the merits." (*Id*.) Following the Board's order, a hearing was scheduled before the Referee on July 30, 2014 and subsequently rescheduled for August 12, 2014, and then September 9, 2014. (R. Items 27, 30, 32, Notices of Remand Hearing.) On September 9, 2014, the hearing was held before the

3

Referee; Claimant, represented by counsel, appeared and testified, and Mr. Billups offered additional testimony by telephone. (R. Item 33, 09/09/14 H.T. at 1-2.)

Following the remand hearing, the Board issued a January 7, 2015 decision and order concluding that Claimant "arguably had good cause to file a late appeal," but that "she failed to offer credible testimony that she did not receive the hearing notice for the March 17, 2014, hearing until March 21, 2014." (R. Item 34, Board's 01/07/2015 Decision and Order.) The Board further stated that Claimant's "scant and self-serving testimony that she had trouble with receiving her mail is rejected by the Board as not credible. Accordingly, the Board has not considered the testimony offered at the remand hearing." (*Id*.) Finally, the Board adopted and incorporated the Referee's findings and conclusions contained in the Referee's March 24, 2014 decision and order. (*Id*.) In the March 24, 2014 decision and order, the Referee found that:

> 1. [Claimant] filed an Initial Claim for Unemployment Compensation benefits effective September 22, 2013, thereby establishing a base year period from April 1, 2012 through March 31, 2013.
>
> 2. During [Claimant's] base year period, [Claimant] had wages in the amount of $6,500 for the 2nd quarter of 2012, $11,450 for the 3rd quarter 2012, $950 for the 4th quarter 2012 and $0 wages for the 1st quarter of 2013 for a total base year wage of $18,900.

(R. Item 19, 04/24/2014 Referee Decision and Order, Findings of Fact ¶¶1-2.) The Referee concluded that Claimant was financially ineligible for benefits because her total base year wages were $18,900 and she needed to have earned $22,698 to

4

qualify for unemployment benefits.[2] (R. Item 19, 04/24/2014 Referee Decision and Order.) The Referee also relied upon the testimony of the Controller of Claimant's alleged employer to conclude that Claimant was not an employee and instead was self-employed. (*Id.*) Claimant petitioned this Court for review of the Board's order.

Before this Court, Claimant argues that the Board erred in concluding that Claimant did not have good cause to appear at the March 17, 2014 hearing. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 n.2 (Pa. Cmwlth. 2014). This Court is not empowered to make findings of fact or credibility determinations; in unemployment compensation matters, the Board is the ultimate finder of fact, empowered to weigh the evidence, resolve conflicts, and make credibility determinations. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832 (Pa. 1977); *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa. Cmwlth. 2001).

---

[2] An employee who becomes unemployed must establish that he or she has been paid wages for employment as required by Section 404(c) of the Law to be eligible for benefits. Section 401(a) of the Law, 43 P.S. § 801; *see also* 43 P.S. § 804. Under Section 404(c) of the Law, financial eligibility is calculated in accordance with a table provided by Section 404(e). 43 P.S. § 404(c), (e). In order to determine eligibility, a base year period is established and then the amount of wages received in each of the four quarters during this base year is determined. Next, the quarter within the year that had the highest total earnings and the total earnings for the entire base year must be determined. Finally, the highest quarterly earnings within the base year and the total base year earnings are compared to the table provided by Section 404(e) to determine eligibility.

In *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38 (Pa. Cmwlth. 2012) (*en banc*), this Court described the evidentiary presumption regarding receipt of notice:

> Generally, when a party asserts that it did not receive a notice from the Department, the analysis begins with the Department invoking an evidentiary presumption to show that the notice was received by the party. This evidentiary presumption of receipt is used where the sender establishes with proof that a hearing notice was placed into the mail addressed to the last known address of the addressee and it was not returned by postal authorities as undeliverable. This presumption is based on the notion that, once the notice, properly addressed, is placed in the mail, there are usually two options: either the notice will be delivered as addressed, or, if it cannot be delivered, it will be returned to the sender. Although those two options are the most likely to occur in our experience, there are occasions in which mail is lost or not delivered for some reason. Therefore, the courts only presume that the notice was received; the burden then shifts to the addressee to prove this presumption wrong and that the mail was not received. The presumption is, thus, merely "a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence," to the claimant.

*Id*. at 41 (internal citations and footnotes omitted).[3] Claimant argues that *Volk* and cases relied upon by this Court in *Volk*, including *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341 (Pa. Cmwlth. 1995), support her contention that she had good cause for failing to appear at the March 17, 2014 hearing because the negligence of the United States Postal Service, a disinterested third party, resulted in her non-receipt of the hearing notice.

---

[3] *See also* 34 Pa. Code § 101.53 (providing that "[m]ailing of notices, orders or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board or the Department, shall constitute notice of the matters therein contained").

In the instant matter, the Board remanded for a hearing on whether Claimant had good cause for failing to appear at the March 17, 2014 hearing. The only evidence Claimant offered to establish good cause for her failure to appear was her own testimony regarding problems with the United States Postal Service delivering her mail. The Board rejected her testimony as not credible, finding it "scant and self-serving." (R. Item 34, Board's 01/07/2015 Decision and Order.) Claimant's situation is unlike the claimant in *Volk* because Claimant was given the opportunity to present evidence of good cause and unlike the claimant in *Verdecchia* because the evidence Claimant presented regarding the negligence of the United States Postal Office was not credited by the Board. *Volk*, 49 A.3d at 45; *Verdecchia*, 657 A.2d at 1344; *see also Carolina Freight Carriers Corp. v. Unemployment Compensation Board of Review*, 650 A.2d 1101, 1104 (Pa. Cmwlth. 1994) (as the ultimate finder of fact, the Board's finding that notice was never received by the claimant is conclusive on appeal). Therefore, as this Court is bound by the Board's credibility determinations, we must conclude that the Board did not err in determining that Claimant was without good cause for her failure to appear at the March 17, 2014 hearing before the Referee.

Accordingly, the order of the Board is affirmed.


**JAMES GARDNER COLINS, Senior Judge**

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Marie Staab, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 140 C.D. 2015 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW this 23rd day of October, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**