IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny S. Youst,                          :
                                         : No. 530 C.D. 2015
                    Petitioner           : Submitted: August 21, 2015
                                         :
          v.                             :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                       FILED:  November 2, 2015


          Denny S. Youst (Claimant) petitions for review of the January 21, 2015,
order of the Unemployment Compensation Board of Review (UCBR) affirming the
decision of a referee to deny Claimant unemployment compensation (UC) benefits.
The UCBR concluded that Claimant is financially ineligible for UC benefits under
section 401(a) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§801(a).  Section 401(a) of the Law provides that compensation shall be payable to an employee
who is unemployed and who has been paid wages for employment within his or her base year,
provided that "not less than forty-nine and one-half per centum (49.5%) of the employe's total
base[-]year wages have been paid in one or more quarters, other than the highest quarter in such
employe's base year."  43 P.S. §801(a).

Claimant filed an application for UC benefits with an effective date of September 28, 2014, thereby establishing a base year of April 2013 through March 2014. (UCBR's Findings of Fact, No. 2.) During his base year, Claimant earned $30,165.27[2] in the second quarter of 2013, $34,667.56 in the third quarter of 2013, $3,444.72 in the fourth quarter of 2013, and $0 in the first quarter of 2014. (*Id.*, No. 3.) Claimant had a high-earnings quarter of $34,667.56 and total base-year wages of $68,277.55. (*Id.*, No. 4.)

The local service center denied Claimant's application, finding that he was financially ineligible for UC benefits. Claimant appealed to the referee, who held a telephone hearing and, thereafter, affirmed the service center's decision.

Claimant appealed to the UCBR, which affirmed. The UCBR found that 49.5% of Claimant's total base-year wages equaled $33,797.39. Thus, in order to be financially eligible for UC benefits, Claimant must have earned at least that amount in his base year, excluding the third quarter of 2013, which was his highest quarter. Claimant's earnings in the remaining three quarters totaled $33,609.99, which was less than the required amount. Therefore, the UCBR concluded that Claimant is

---

[2] Finding of Fact Number 3 lists this figure as $3**3**,165.27. The UCBR asserts, however, that the second digit within that figure is a typographical error, as the documentary evidence included in the record demonstrates that the wage total for Claimant's second quarter of 2013 is actually $3**0**,165.27. (*See* R. Item No. 5.) It is undisputed that Claimant's base-year wages totaled $68,277.55. (*See* Cl.'s Br. at 10.) The sum of $30,165.27 (second quarter of 2013), $34,667.56 (third quarter of 2013), $3,444.72 (fourth quarter of 2013), and $0 (first quarter of 2014) is $68,277.55. Thus, it is evident that Finding of Fact Number 3 contains a typographical error and that the correct wage total for the second quarter of 2013 is $30,165.27.

ineligible for UC benefits under section 401(a) of the Law.  Claimant now appeals from that decision.[3]

On appeal, Claimant asserts that the UCBR's conclusion that he was financially ineligible for UC benefits is unsupported by substantial evidence.  Specifically, Claimant contends that the UCBR erred in failing to subtract $2,632.16 in wages from the third quarter of 2013, resulting in an incorrect computation.  We disagree.

Claimant has the burden of proving his financial eligibility for UC benefits.  *See Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 (Pa. Cmwlth. 2014).  In the proceedings before the UCBR, Claimant asserted that his paycheck for the week of June 24 to June 30, 2013, should have been included in the second quarter of 2013.  The UCBR agreed with Claimant and included that paycheck, with wages totaling $2,632.16, in the second quarter of 2013.  (UCBR's Op. at 2; UCBR's Findings of Fact, No. 3.)  Claimant now argues that although the UCBR correctly included the June 24 to June 30, 2013, paycheck in the second quarter of 2013, the UCBR failed to deduct the wages from that paycheck from the third quarter of 2013, resulting in an improper computation.  This claim is belied by the record.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

The evidence established that Claimant's earnings for the second quarter of 2013, including the June 24 to June 30, 2013, paycheck, totaled $30,165.27. (*See* R. Item No. 5; *supra* n.2.) Claimant's earnings from the third quarter of 2013, *excluding* the June 24 to June 30, 2013, paycheck, totaled $34,667.56. (*See id*; UCBR's Findings of Fact, No. 3.) Moreover, it is undisputed that Claimant's base-year wages totaled $68,277.55.[4] Forty-nine and one-half percent of Claimant's total base-year wages is $33,797.39. In order to be financially eligible for UC benefits, Claimant must have earned at least that amount in his base year, excluding the third quarter of 2013, which was his highest quarter. Claimant's earnings in the remaining three quarters totaled $33,609.99, which is less than the required amount. Therefore, the UCBR correctly concluded that Claimant is ineligible for UC benefits under section 401(a) of the Law.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] In his brief, Claimant argues that his base-year earnings should have been calculated as follows: $32,760.07 in the second quarter of 2013, $32,035.40 in the third quarter of 2013, $3,444.72 in the fourth quarter of 2013, and $0 in the first quarter of 2014. (Cl.'s Br. at 10-11.) However, these figures total $68,240.19, not $68,277.55.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny S. Youst,                                            :
                                                          : No. 530 C.D. 2015
                          Petitioner                       :
                                                          :
            v.                                             :
                                                          :
Unemployment Compensation                                 :
Board of Review,                                          :
                                                          :
                          Respondent                       :

# O R D E R

AND NOW, this 2nd day of November, 2015, we hereby affirm the January 21, 2015, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge