# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary R. Still,                              :
                        Petitioner          :
                                            :
            v.                              :     No. 1301 C.D. 2018
                                            :     Submitted: March 15, 2019
Unemployment Compensation                   :
Board of Review,                            :
                        Respondent          :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: April 24, 2019**

Gary R. Still (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that deemed him financially ineligible for unemployment compensation (UC) benefits under Section 4(*l*)(4)(8) of the UC Law (Law),[1] 43 P.S. §753(*l*)(4)(8).  Discerning no error, we affirm.

Claimant worked for Port Vue United Methodist Church (Employer) on a contractual basis as a custodian until his separation from employment.  He filed an application for UC benefits in October 2017.  The local UC Service Center determined he was financially ineligible based on Employer's status as a church.  Claimant appealed.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §§751-914.

A referee conducted a hearing,[2] where Claimant and two witnesses for Employer appeared. Claimant attempted to submit evidence challenging the legality of his discharge, which the referee rejected. He asserted the wage investigation system documents were not accurate.[3] Employer's witnesses confirmed that Employer was a church for which Claimant performed custodial services.

The referee affirmed the UC Service Center determination. Relevant here, the referee found Employer, as a church, is exempt from UC tax liability. Further, Claimant's wages were not covered because work for a church is exempted from the definition of "employment" under Section 4(*l*)(4)(8) of the Law. Referee's Dec., 6/5/18, Finding of Fact (F.F.) No. 2. As a result, he reasoned Claimant's wages could not be included in the base year. Claimant appealed to the Board.

Ultimately, the Board affirmed the referee, adopting and incorporating the referee's findings and conclusions. After noting Claimant challenged the grounds of his separation, the Board explained that Claimant's "arguments incorrectly presuppose that [Claimant's] employment with [Employer] was covered by the Law." Bd. Op., 7/31/18, at 1.

---

[2] Claimant's brief and the transcript of the referee's June 2018 hearing indicate Claimant attended an earlier hearing where he confirmed his address and certain documents were entered in the record. See Ref. Hr'g, 6/4/18, Notes of Testimony (N.T.), at 1 ("that happened the last time we were here. This is a hearing, a re-hearing regarding the Notice of Final Determination by the Service Center ….."). The referee noted Claimant requested a postponement during the first hearing, so he provided notice of the continued date to Employer. Id. at 2. However, the transcript of that initial hearing is not in the certified record.

[3] Although the appeal involved a wage investigation by the field accounting service office, and the referee contacted that office, an investigator did not participate in the hearing.

Claimant petitions this Court for review.[4]

On appeal, Claimant challenges the legality of his separation of employment. His arguments relate to his separation rather than to the financial eligibility determination. He contends the Board erred when it did not consider evidence regarding his termination from Employer.[5] Claimant did not address his financial eligibility in his brief.

To be financially eligible for UC benefits, a claimant must satisfy the earnings requirements of Sections 401(a) and 404 of the Law. 43 P.S. §§801(a), 804. Section 401(a) of the Law provides compensation is payable for a claimant "who … [h]as, within his base year, been paid wages for employment …." 43 P.S. §801(a) (emphasis added).

Importantly, to qualify as compensable "wages" under Section 4(x) of the Law, 43 P.S. §753(x), the services performed must qualify as "employment" under the Law. Under Section 4(*l*)(4)(1) of the Law, the term "employment" is defined as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." 43 P.S. §753(*l*)(4)(1).

---

[4] Our review of the Board's decision that Claimant is financially ineligible for benefits is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law and whether constitutional rights were violated. Devine v. Unemployment Comp. Bd. of Review, 101 A.3d 1235 (Pa. Cmwlth. 2014).

[5] Claimant also filed an application for relief asserting the referee erred in not accepting his separation letter as evidence of his illegal discharge. This Court denied the application noting such arguments are properly raised in Claimant's brief.

However, the definition of employment excludes "[s]ervice performed in the employ of (i) a church or convention or association of churches or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches." Section 4(*l*)(4)(8)(a) of the Law, 43 P.S. §753(*l*)(4)(8)(a).

Claimant had the burden to prove his financial eligibility for UC benefits. Pagliei v. Unemployment Comp. Bd. of Review, 37 A.3d 24 (Pa. Cmwlth. 2012). Claimant's base year consisted of July 2016 through June 2017. Critically, Claimant does not dispute that he worked exclusively for Employer during that time, or that Employer is a church operated for a religious purpose.

Moreover, Employer's status as a church is supported by the record and is admitted by Claimant in his appeal documents. See Certified Record (C.R.), Item No. 11 (Claimant Certification and Request for Appeal). In addition, the job qualifications required Claimant to be "dedicated to the ministry of Port Vue United Methodist Church," "loyal to the Pastor and spouse, and have ability to relate in a Christ-like fashion," and "sympathetic with a Christian work environment." Id.

Although he bore the burden of proof, Claimant did not address his financial eligibility for benefits in his brief. Rather, he challenged the legality of his discharge.[6] Thus, the issue is waived. Imani Christian Acad. v. Unemployment Comp. Bd. of Review, 42 A.3d 1171 (Pa. Cmwlth. 2012); see Pa. R.A.P. 2116.

_____

[6] As we recently noted, "the reason for [the c]laimant's separation from employment is irrelevant to the [financial eligibility] determination …." Schmerin v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 760 C.D. 2018, filed March 22, 2019), slip op. at 3 n.3, 2019 WL 1313481, at *1 n.3 (unreported).

4

Notwithstanding waiver, based on the undisputed facts and under the plain meaning of the statute, Claimant's custodial services in the church do not qualify as "employment" under Section 4(*l*)(4)(8)(a) of the Law, 43 P.S. §753(*l*)(4)(8)(a). As a consequence, Claimant earned no qualifying wages in his base year.

Because the wages Claimant earned from Employer are excluded from covered wages, the Board did not err in concluding that Claimant was financially ineligible for UC benefits. Accordingly, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary R. Still,  :
        Petitioner  :
                                   :
        v.  :    No. 1301 C.D. 2018
                                   :
Unemployment Compensation  :
Board of Review,  :
        Respondent  :

# **O R D E R**

**AND NOW**, this 24th day of April, 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

                                   _____

                                   ROBERT SIMPSON, Judge