# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer M. Hemme,                          :
                          Petitioner        :
                                            :
          v.                                :     No. 1373 C.D. 2018
                                            :     Submitted:  February 15, 2019
Unemployment Compensation                   :
Board of Review,                            :
                          Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  May 31, 2019**


          Petitioner Jennifer M. Hemme (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision of a Referee, holding that Claimant was not eligible for benefits under Section 404(c) of the Pennsylvania Unemployment Compensation Law (Law),[1] relating to financial eligibility.  For the reasons set forth below, we now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(c).  Section 404(c) of the Law provides:

> (c) If an otherwise eligible employe has base year wages in an amount equal to or in excess of the amount of qualifying wages appearing in Part C of the Table Specified for the Determination of Rate and Amount of Benefits on the line on

Claimant worked for Source 4 Teachers and NBM Testing-Sylvan Learning (Employers) as a substitute teacher.[2]  Thereafter, Claimant filed an application for unemployment compensation benefits, effective January 14, 2018. The Indiana Unemployment Compensation Service Center (Service Center) determined that Claimant was not financially eligible for unemployment compensation benefits.

Claimant appealed this determination to the Referee, who conducted a hearing.  Employers did not participate in the hearing.  At the hearing, the Referee made the following findings of fact:

1.  [Claimant] filed an application for unemployment compensation benefits effective January 14, 2018.

2.  [Claimant's] base year includes the fourth quarter of 2016 and the first, second[,] and third quarters of 2017.

3.  [Claimant] had no earnings in the fourth quarter of 2016.

4.  [Claimant] had reported earnings of $633 in the first quarter of 2017.

5.  [Claimant] had reported earnings of $315 in the second quarter of 2017.

which in Part B there appears his weekly benefit rate, as determined under subsection (a) of this section, and had eighteen (18) or more credit weeks during his base year, he shall be entitled during his benefit year to the amount appearing in Part B on said line multiplied by the number of credit weeks during his base year, up to a maximum of twenty-six (26).  Notwithstanding any other provision of this act, any employe with less than eighteen (18) credit weeks during the employe's base year shall be ineligible to receive any amount of compensation.

[2] Due to the nature of Claimant's position, she worked as a substitute teacher in multiple school districts and for multiple employers.  According to the record, Claimant received wages from Harbor Creek School District, Northwestern School District, Union City Area School District, Northwest Tri-County Intermediate Unit, Source 4 Teachers LLC, NBM Testing Inc., and the State of Maryland.  (Certified Record, Item No. 7.)

2

6. [Claimant] had reported earnings of $135 in the third quarter of 2017.

7. [Claimant's] total base year earnings were $1,083.

(Certified Record (C.R.), Item No. 8.) Based on these findings, the Referee affirmed the Service Center's decision, determining that Claimant was not financially eligible for unemployment compensation benefits pursuant to Section 404(c) of the Law. The Referee based this decision on his calculation of Claimant's base year wages and Claimant's failure to sustain her burden of proving sufficient base year wages. (*Id.*)

Claimant appealed the decision to the Board. The Board made an additional finding of fact but otherwise adopted and incorporated the Referee's findings. (C.R., Item No. 12.) The additional finding of fact was that "[Claimant's] base year includes the 4[th] Quarter of 2016, and the 1[st], 2[nd], and 3[rd] Quarters in 2017." (*Id.*) The Board concluded that the Referee properly determined that Claimant was not financially eligible for unemployment compensation benefits. (*Id.*) In so doing, the Board reasoned:

> [C]laimant also asks that "the projected salary for a fair and just teacher hiring by contract be included in the monetary eligibility, if possible." Financial eligibility does not include projected wages, only those actually received by a claimant. . . . [C]laimant next asks that "my income from the following employers be included in the monetary eligibility part of the decision," and states that she has filed a claim later than her initial application for benefits in this case. The employers . . . [C]laimant lists are employers that paid the claimant wages in the 4[th] Quarter of 2017, as evidenced by the wage record in evidence. . . . [C]laimant's base year includes the 4[th] Quarter of 2016, and the 1[st], 2[nd], and 3[rd] Quarters in 2017. Those employers listed by . . . [C]laimant paid her wages in the 4[th] Quarter of 2017, which is outside the claimant's base year and, therefore,

3

those wages cannot count towards . . . [C]laimant's financial eligibility for this claim.

(*Id.*)

On appeal,[3] Claimant challenges the Board's conclusion that she was not financially eligible for unemployment compensation benefits. Specifically, Claimant argues that she did not receive the proper salary for her experience and certification level. Claimant claims that the salary that she *should* have received should be included in the calculation of her base year wages in determining whether Claimant was financially eligible for unemployment compensation benefits.

"A claimant has the burden to prove financial eligibility for unemployment benefits." *Pagliei v. Unemployment Comp. Bd. of Review*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of Sections 401[4] and 404 of the Law. Moreover, "[s]ections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation." *Devine v. Unemployment Comp. Bd. of Review*, 101 A.3d 1235, 1239 (Pa. Cmwlth. 2014).

---

[3] Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

[4] Section 401 of the Law, 43 P.S. § 801. Section 401(a) of the Law provides:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(a) Satisfies both of the following requirements:

(1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act.

(2) Except as provided in section 404(a)(3) and (e)(1) and (2), not less than thirty-seven per centum (37%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

4

In order to be financially eligible for unemployment compensation benefits under Section 401(a) of the Law, a claimant must show that she was "paid wages for employment as required by [S]ection 404(c)" of the Law and that "not less than thirty seven per centum (37%) of the employe[e]'s total base year wages [were] paid in one or more quarters, other than the highest quarter in such employe[e]'s base year."[5] Pursuant to Section 404(c) of the Law, "an otherwise eligible employe [must have] base year wages in an amount equal to or in excess of the amount of qualifying wages appearing in Part C of the Table Specified for the Determination of Rate and Amount of Benefits" (Table) in order to receive benefits. The Table provides that a claimant must have quarterly wages in the amount of at least $1,688 and total qualifying wages in the amount of at least $2,718. Section 4(e)(1) of the Law, 43 P.S. § 804(e)(1).

Here, Claimant did not earn at least $1,688 in any of her base year quarters, and her total base year wages were only $1,083. Thus, Claimant was not financially eligible for unemployment compensation benefits under Section 404(c) of the Law.[6]

---

[5] The term "base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law, 43 P.S. § 753(a). "Wages" are defined as "all remuneration . . . paid by an employer to an individual with respect to his employment."[5] Section 4(x) of the Law, 43 P.S. § 753(x). Section 4(x) of the Law identifies certain types of remuneration not included under the term "wages," but none of the excluded forms of remuneration are relevant here.

[6] In its brief, the Board contends that, upon further review, finding of fact number 4, which provides that "[Claimant] had reported earnings of $633 in the first quarter of 2017," is incorrect. According to the Board, Claimant received $633 from the State of Maryland in the form of unemployment compensation benefits, which do not constitute wages for purposes of reported earnings. The Board also contends that finding of fact number 5, which provides that "[Claimant] had reported earnings of $315 in the second quarter of 2017," is similarly incorrect, because the figure includes $173 in unemployment compensation from the State of Maryland. According to the Board, the Department of Labor and Industry issued a subsequent determination, excluding

Claimant, nevertheless, argues that her financial eligibility should be determined based on what she *should* have earned as a salaried teacher, accounting for her educational credentials and her past experience under collective bargaining, rather than what Employer actually paid Claimant during her base year. Claimant's suggested method of calculating her financial eligibility, however, is not supported by the Law. Financial eligibility is based on wages actively paid to a claimant, not what a claimant believes she should have been paid.

Claimant next argues that based on her education level, Employers erred when they placed Claimant on the day-to-day substitute list, thus depriving her of potential wages. Again, the position that Claimant *should* have received is not a consideration in the calculation determination for financial eligibility. Only the wages actually paid to Claimant can be considered in the calculation.

Finally, Claimant cites to various unemployment compensation regulations of the Department of Labor and Industry in support of her position. The first regulation she cites, pertaining to full-time employment, provides guidance on how to determine a claimant's full-time work when determining whether a claimant is employed, which is not relevant to the matter now before the Court. *See* 34 Pa. Code § 65.73. The second regulation cited by Claimant, pertaining to computation of weekly wage, provides, in part, that "[i]t is an objective of the Pennsylvania Unemployment Compensation Program that an unemployed, *eligible* claimant shall be compensated for at least 50% of his weekly wage loss." 34 Pa. Code § 65.113(a) (emphasis added). Claimant points to this regulation as a basis for entitlement to unemployment compensation benefits. Claimant, however, is not an *eligible*

_____

these payments from Claimant's base year. The Board, however, also notes that regardless of whether this income is considered or not, Claimant remains financially ineligible for benefits. (Board's Br. at 2 nn. 2-3.)

claimant, and, therefore, this regulation does not apply to Claimant. Finally, the third regulation cited by Claimant merely provides guidance as to how to calculate the full-time weekly wage, and Claimant does not articulate and we cannot discern how this regulation applies to the present case. *See* 34 Pa. Code § 65.115. Claimant's arguments, therefore, are without merit.

Accordingly, we affirm the Board's determination that Claimant was not financially eligible for unemployment compensation benefits.


P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer M. Hemme, :
                Petitioner :
                 :
        v. : No. 1373 C.D. 2018
                 :
Unemployment Compensation :
Board of Review, :
                Respondent :

## O R D E R

AND NOW, this 31st day of May, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

                                    

                                  P. KEVIN BROBSON, Judge