IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight D. Prall,              :
          Petitioner       :
                        :
      v.                   :  No. 572 C.D. 2020
                        :  SUBMITTED: November 13, 2020
                        :
Unemployment Compensation   :
Board of Review,            :
          Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                             FILED: January 6, 2021

      Dwight D. Prall (Claimant) petitions for review, *pro se*, of the May 6, 2020
Order of the Unemployment Compensation Board of Review (Board) affirming the
decision of a Referee to deny Claimant unemployment compensation (UC) benefits.
The Board concluded that Claimant was financially ineligible for UC benefits under
Section 401(a) of the Unemployment Compensation Law (Law)[2] because Claimant

---

[1] This case was assigned to the opinion writer before January 4, 2021, when President
Judge Leavitt served as President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
801(a). Section 401(a) of the Law provides in relevant part:

> Compensation shall be payable to any employe who is or becomes unemployed and
> who . . . [h]as, within his base year, been paid wages for employment as required
> by [S]ection 404(c) of th[e Law, 43 P.S. § 804(c),] [and] . . . not less than thirty-
> seven per centum (37%) of the employe's total base[-]year wages have been paid
> in one or more quarters, other than the highest quarter in such employe's base year.

43 P.S. § 801(a).

had insufficient base-year wages outside of his highest earnings quarter. We affirm the Board's Order.

## Background

Claimant filed an application for UC benefits effective January 12, 2020, thereby establishing a base year of October 1, 2018 through September 30, 2019. Bd.'s Finding of Fact (F.F.) No. 1.[3] Claimant received no wages in either the fourth quarter (Q4) of 2018 or the first quarter (Q1) of 2019. *Id.* Nos. 3, 4. Between May 6, 2019 and September 6, 2019, Claimant worked full time as Director of Manufacturing and Engineering for Vessel Technologies (Employer), earning $11,538.46 bi-weekly. *Id.* No. 2. During the second quarter (Q2) of 2019, Employer paid Claimant $34,615. *Id.* No. 5. During the third quarter (Q3) of 2019, Employer paid Claimant $69,230. *Id.* No. 6. During his base-year period, Claimant had total wages of $103,845 from Employer. *Id.* No. 7.[4]

The local UC Service Center denied Claimant's application, finding that he was financially ineligible for UC benefits under Section 401(a) of the Law because

---

[3] A claimant's "base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law, 43 P.S. § 753(a). Under Section 4(d) of the Law, the "calendar quarter" used to determine a claimant's base year is the "period of three consecutive calendar months ending on March thirty-first, June thirtieth, September thirtieth[,] or December thirty-first, or the equivalent thereof." 43 P.S. § 753(d). For the purpose of computing base-year wages, wages are allocated to the quarter in which they are paid, rather than to the quarter in which the claimant performed the work. Section 4(x) of the Law, 43 P.S. § 753(x).

[4] The Board largely adopted the Referee's factual findings, but it modified the dollar amounts in Findings of Fact 6 and 7 based on the evidence of record. Bd.'s Order, 5/6/20, at 1. These modifications to the factual findings are incorporated into the above discussion. In its Order, the Board explained that "[t]he Referee appeared to rely on the submitted pay stubs offered by the Claimant, but these documents do not cover the entire quarter," so it was "likely that the Claimant's total [was] under[-]represented." *Id.*

2

he had insufficient base-year wages outside of his highest quarter. Record (R.) Item No. 2.

Claimant timely appealed to the Referee, who held a telephone hearing during which Claimant testified. Employer did not participate in the hearing. Following the hearing, the Referee concluded:

> [C]laimant filed an application for benefits effective January 12, 2020 and qualified for a base year ranging from October 1, 2018 through September 30, 2019. [C]laimant had a highest quarter for [Q3] of 2019 of [$69,230] from [Employer]. . . . [T]he law is clear that 37% must be earned outside of that high quarter[,] and [C]laimant did not meet that requirement. As such, [C]laimant is not financially eligible for an application for benefits effective January 12, 2020.

Ref.'s Order, 3/6/20, at 3; Bd.'s Order, 5/6/20, at 1. Therefore, the Referee affirmed the Service Center's denial of UC benefits under Section 401(a) of the Law.

Claimant timely appealed to the Board, which affirmed the Referee's decision. The Board adopted and incorporated the Referee's factual findings, with two modifications. *See supra* note 3. The Board further concluded:

> [C]laimant . . . contends that his suggested total in [Q]3 of 2019 reflects earned wages which were not paid to him. However, [C]laimant's earned wages appear inconsistent with his employment start date provided at the hearing . . . . Further, the [Board's] regulations provide that wages are considered paid when the employer actually pays them. 34 Pa. Code[]§ 61.3(a)(l). If payments are delayed, wages are considered paid on the date when the employer generally pays amounts definitely assignable to a payroll period. 34 Pa. Code[]§ 61.3(a)(2). [C]laimant did not prove that wages should have been assigned to him earlier than paid.

Bd.'s Order, 5/6/20, at 1. Claimant now petitions this Court for review.[5]

---

[5] A claimant has the burden of proving his or her financial eligibility for UC benefits. *Pagliei v. Unemployment Comp. Bd. of Rev.*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012). Where, as here,
**(Footnote continued on next page…)**

3

## Analysis

To be financially eligible for UC benefits under Section 401(a) of the Law, the claimant must: (1) be paid wages for employment as required by Section 404(c) of the Law, 43 P.S. § 804(c); and (2) earn not less than 37% of base-year wages in one or more quarters other than the highest quarter in his or her base year. 43 P.S. § 801(a). "'Wages' means all remuneration . . . paid by an employer to an individual with respect to his employment," with some exceptions. 43 P.S. § 753(x).

Claimant's base year consisted of Q4 of 2018 through Q3 of 2019. Bd.'s F.F. No. 1. It is undisputed that Claimant received no wages in either Q4 of 2018 or Q1 of 2019. *Id.* Nos. 3, 4. The Board found, based on the evidence of record, that Claimant was paid $34,615 in Q2 of 2019 and $69,230 in Q3 of 2019 and that his total base-year wages were $103,845. *Id.* Nos. 5-7. Thirty-seven percent of Claimant's base-year wages is $38,422, but Claimant was paid only $34,615 outside of his highest quarter, which was Q3 of 2019.

On appeal, Claimant contends that he actually earned 44% of his base-year wages outside of his highest quarter. This contention is based on Claimant's assertion that his July 5, 2019 pay should have been attributed to Q2 of 2019, instead of Q3 of 2019, because that is when he worked and earned those wages. Claimant's Br. at 10, 12; *see* R. Item No. 9 (in his Petition for Appeal filed with the Board, Claimant asserted that "[c]learly [his] 'weeks worked' and 'wages earned' fulfilled the requirements for [UC] benefits"). However, the Board's regulation at 34 Pa. Code § 61.3(a)(1) explicitly provides that, for purposes of determining a claimant's

the party with the burden of proof was the only party to present evidence and did not prevail before the Board, our scope of review is limited to determining whether the claimant's constitutional rights were violated, whether the Board committed an error of law, or whether the Board capriciously disregarded competent evidence. *Unangst v. Unemployment Comp. Bd. of Rev.*, 690 A.2d 1305, 1307 n.3 (Pa. Cmwlth. 1997).

financial eligibility under Section 401(a) of the Law, "[w]ages are considered paid *on the date when the employer actually pays them*." 34 Pa. Code § 61.3(a)(1) (emphasis added); *see Wooley v. Unemployment Comp. Bd. of Rev.*, 454 A.2d 224, 225 (Pa. Cmwlth. 1983) (stating that wages must be attributed to the quarter in which they were received and cannot be reallocated to the quarter in which they were earned). Thus, Claimant's July 5, 2019 pay, for his work from June 17, 2019 through June 30, 2019, was correctly attributed to Q3 of 2019 because that is the quarter in which those wages were *paid*. *See* 34 Pa. Code § 61.3(a)(1); *see also McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014) (stating that this Court "must defer to the Board's interpretation of its own regulation unless it is clearly erroneous").

While the Board's regulation contains an exception that applies "if payment of wages is delayed," 34 Pa. Code § 61.3(a)(2), Claimant did not establish that there was a delay in Employer's July 5, 2019 payment. Rather, the record shows that Employer paid Claimant every other Friday from May 24, 2019 through September 27, 2019. *See* R. Item No. 3. The Board correctly found that Claimant's July 5, 2019 pay was in conformity with all of Claimant's other bi-weekly pays. Bd.'s Order, 5/6/20, at 1. Therefore, the exception in 34 Pa. Code § 61.3(a)(2) does not apply.

The crux of Claimant's arguments on appeal is that the Board's decision is unfair because it is based on a "technicality" and "serves only to victimize" Claimant, who "has been earning wages and paying taxes [in Pennsylvania] for 40 years." Claimant's Br. at 8-9, 11; *see* Pet. for Rev. at 2b.[6] As this Court has

---

[6] At the hearing before the Referee, Claimant testified as follows:

**(Footnote continued on next page…)**

5

recognized, however, the financial eligibility provisions of the Law are "explicit and leave no room for a more flexible, compassionate interpretation." *Devine v. Unemployment Comp. Bd. of Rev.*, 101 A.3d 1235, 1239 (Pa. Cmwlth. 2014). Although we can certainly understand the difficulties of Claimant's financial situation, particularly in light of the ongoing pandemic, we are bound to follow and apply the law.[7]

### Conclusion

Accordingly, because we conclude that the Board correctly determined that Claimant is financially ineligible for UC benefits under Section 401(a) of the Law, we affirm the Board's Order.



ELLEN CEISLER, Judge

---

[I]t seems unreasonable that because of a technicality[,] that is what you look at in terms of when it's actually paid by an [e]mployer, which is out of the control of the [c]laimant, versus when it was actually earned by the [c]laimant . . . . [I]n my case, it happens to mean eligibility or denial. . . . And . . . I'm not sure . . . that was the intent of the [L]aw when it was crafted.

Notes of Testimony, 3/5/20, at 10; *see also* R. Item No. 9 (in his appeal to the Board, Claimant asserted that "[a] claimant cannot be held responsible for when an employer actually pays wages that were earned").

[7] In his appellate brief, Claimant also asserts that the Referee's and the Board's decisions were "rushed" and are "filled with errors and misrepresentations." Claimant's Br. at 9. Claimant refers to the Board's correction of two of the Referee's factual findings and the Board's statement that Claimant's total wages were "under[-]represented" based on Claimant's pay stubs. *Id.* at 14-15. It is evident, however, that the dollar amounts in the Referee's Findings of Fact 6 and 7 were typographical errors. The record shows that the Board's findings are consistent with both Claimant's pay stubs and the Department's wage records. *See* R. Item No. 3.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight D. Prall,              :
         Petitioner      :
                              :
      v.                   :   No. 572 C.D. 2020
                              :
Unemployment Compensation    :
Board of Review,              :
         Respondent     :

# **O R D E R**

AND NOW, this 6th day of January, 2021, the Order of the Unemployment Compensation Board of Review, dated May 6, 2020, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge