412

Malcolm W. Lewis, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*James R. Jenks, Shamp, Levin, Arduini, Jenks & Hain,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, January 27, 1983:

Malcolm W. Lewis (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which adopted a referee's decision to deny him benefits.

The facts are not in dispute. The claimant's last day of work was September 29, 1978 when he was separated from his employment due to mandatory retirement. On October 6, 1978, he filed an application for benefits with an effective date of October 1, 1978 thereby establishing as his base year the third and fourth quarters of 1977 and the first and second quarters of 1978. Benefits were granted in the sum of $4,290 at a weekly rate of $143 until his benefit year ended[1] on September 29, 1979. On or about October 5, 1979, he then filed a further application for benefits with an effective date of September 30, 1979 but on October 11, 1979 the Office of Employment Security found him to be ineligible for benefits because his $4,380 in wages during his base year fell short of the $6,000 base year requirement under Section 404 of the Unemployment Compensation Law (Act).[2] A claimant's base year, as provided by Sections 401(a)[3] and 404 of the Law, is determined by his qualifying wages from the first four of the last five completed calendar quarters immediately preceding the first day of his benefit year. Under his application effective

---

[1] Thus, he had exhausted his claims under his application of October 1, 1978.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804.

[3] 43 P.S. §801(a).

September 30, 1979, the claimant's base year consisted of the second, third, and fourth quarters of 1978 and the first quarter of 1979. The referee and the Board, however, determined that, inasmuch as

the claimant's qualifying wages in the second quarter of 1978 were used in determining the claimant's financial eligibility under the prior application, they cannot, consistently with the purposes of the Pennsylvania Unemployment Compensation Law and the provisions of Sections 401 and 404 thereof, be used in determining financial eligibility under a subsequent application.

The claimant, in his statement of the questions presented by his appeal, argues (1) that the Board should not follow arbitrary rules and regulations and, in an isolated case such as his, should make an exception; (2) that his ineligibility was not caused by his inadequate earnings but by the Board's procedure in determining his benefit year; and; (3) that the Act's procedures for determining a benefit year are inconsistent with its underlying purposes because these procedures deprive him of his entitlement based upon his earnings.

Regarding the claimant's first argument, he cites no case law or statutory provision of the Act which would enable the Board to make a special exception for him. In fact, were the Board to do so, it would be in violation of the remedial scheme set forth by the legislature.

His second argument, which we believe to be somewhat vague, actually seems to fall within the borders of his third argument which challenges the Act's procedure for determining a benefit year, suggesting that such a procedure violates constitutional requirements and is in opposition to the legislative intent of the Act.

In considering[4] whether or not a provision of this Act violates constitutional requirements, we noted in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 347, 393 A.2d 43, 45-46 (1978), that:

Our analysis begins with the axiomatic premise that there is a strong presumption in favor of the constitutionality of an act of the legislature and the burden lies heavily upon one challenging the act to show that it clearly, plainly and palpably violated the Constitution. This means that in the context of an economics benefits statute such as an unemployment compensation act, which does not involve a fundamental right, a classification established by the statute which, as here, is not inherently suspect will pass muster under the Equal Protection Clause if it bears *some* rational relationship to the legitimate purpose of the legislation. Gilman v. Unemployment Compensation Board of Review, supra, 28 Pa. Commonwealth Ct. at 634-635, 369 A.2d at 897. The same level of scrutiny is applied in the due process analysis so that where no fundamental right is involved, the presence of *some* rational justification in the Act's legislative purpose will suffice to protect a statutorily created conclusive presumption from effective constitutional attack. Weinberger v. Salfi, 422 U.S. 749 (1975). (Emphasis in original.)

---

[4] Where, as here, the party with the burden of proof has not prevailed below, our scope of review is limited to a determination of whether or not an error of law was committed or competent evidence was capriciously disregarded in making the necessary factual findings. *Querry v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 170, 437 A.2d 1048 (1981).

The claimant contends that Section 401(a) and 404 of the Act bear no rational relationship to a legitimate legislative purpose. It is unclear, however, whether he challenges these sections under an equal protection[5] theory, a due process theory or under both. Assuming arguendo that there has been an impingement of a right protectable under either the due process or equal protection clauses, we believe that such law or classification is not constitutionally offensive *provided* that the governmental action bears a rational relationship to a legitimate legislative purpose. *Wallace.*

The procedures set forth under Sections 401(a) and 404 of the Act do not disqualify the claimant for purely arbitrary reasons, and we would doubt that the legislature intended a claimant to be entitled to use the same quarter's wages twice—*i.e.* for two successive benefit years. It is therefore obvious that Sections 401(a) and 404 of the Act are consistent with "the fundamental purpose and intent of the Act, which is to provide a semblance of economic security to those who are unemployed. . . ." *Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 331, 387 A.2d 1324, 1328 (1978).

We believe, therefore, that the claimant has failed to carry his burden, *Wallace,* and we will affirm the order of the Board.

---

[5] Regarding the possibility of an equal protection attack, we note that the claimant must show "disparity of treatment by the state between classes of individuals whose situations are arguably indistinguishable." *McCoy v. State Board of Medical Education and Licensure,* 37 Pa. Commonwealth Ct. 530, 537, 391 A.2d 723, 726 (1978). Here he has failed to identify the classes of individuals involved or which class was treated differently from the other. This is a necessary part of his burden. *Wallace.*

ORDER

AND Now, this 27th day of January, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.