Frank Heckert, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs and State Registration Board for Professional Engineers, Respondents.

Argued April 30, 1984, before Judges ROGERS, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Joseph C. Michetti, Jr., Balducci & Michetti,* for petitioner.

*Jerome Grossi,* Assistant Counsel, with him, *David F. Phifer,* Chief Counsel, for respondents.

OPINION BY JUDGE ROGERS, May 31, 1984:

Frank Heckert, a licensed professional engineer, has petitioned for review of an order of the State Registration Board for Professional Engineers (board) denying his request for a waiver or extension of a two-year grace period established by the Professional Engineers Registration Law, Act of May 23, 1945, P.L. 913, *as amended,* 63 P.S. §§148-158 (Engineers Law) during which previously licensed professional engineers could receive a professional land surveyor's license without having to meet newly established qualifications to practice land surveying.

Prior to 1979 the Engineer's Law permitted a licensed professional engineer to practice land surveying without a land surveyor's license. The Act of December 13, 1979, P.L. 534, *as amended,* 63 P.S. §149 (e) (1979 Amendment) amended the Engineer's Law to provide, *inter alia,* that only persons with a land surveyor's license could practice land surveying. The 1979 Amendment established separate qualifications for eligibility for a land surveyor's license and provided for a two-year grace period during which then licensed professional engineers could apply for and receive a surveyor's license. This grace period expired February 13, 1982.

The petitioner, a licensed professional engineer since 1966, retired from State employment in May, 1978 and began performing land surveys on a part-time basis. In September, 1982 he was engaged to make a survey for a person involved in a boundary dispute and for this reason "double checked" his

qualifications to perform land surveys. He learned for the first time of the 1979 Amendment and that the two-year grace period had expired. He requested the board to extend or waive the grace period and the board refused.

The petitioner first contends that because he was not given personal notice of the 1979 Amendment prior to the extinguishment of his right to perform land surveys he was deprived of his property without due process of law.

Persons owning property within a state are charged with knowledge of relevant statutory provisions affecting that property. *North Laramie Land Co. v. Hoffman*, 268 U.S. 276 (1925). When enacting legislation affecting substantial rights, the Legislature need do no more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize themselves with its terms and to take action to preserve their rights. *See Texaco, Inc. v. Short*, 454 U.S. 516 (1982). "In this case, the two year grace period included in the . . . statute forecloses any argument that the statute is invalid because . . . [professional engineers] may not have had an opportunity to become familiar with its terms." *Id.* at 532.

The petitioner, citing Section 14(n) of the 1979 Amendment, 63 P.S. 151(n), next contends that the board had an implied duty to give personal notice of the 1979 Amendment to licensed professional engineers.

Section 14 provides:

The Board shall have power—

. . . .

(n) Administrative Rules and Regulations— To adopt, promulgate and enforce such administrative rules and regulations, not inconsistent with this act, as are deemed necessary and

proper by the board to carry into effect the powers conferred by this act.

The petitioner's thesis is that since a lack of notice would render the 1979 Amendment constitutionally invalid, the Legislature, in Section 14(n), by implication imposed a duty upon the board to give individual notice to engineers affected by the Act. This argument, of course, is based on the premise which we have discussed and rejected that the Constitution requires that the Legislature give individual notice of statutes which affect their rights. As we have observed, the enactment and publication of a statute followed by a reasonable time for familiarization and compliance satisfies the requirement of notice.

The petitioner finally contends that because he relied on the board to issue him a valid and complete professional engineer's license and to keep him informed of statutes and regulations affecting such license the board should be estopped from denying him the right to perform land surveys.

The doctrine of estoppel may be applied to an agency of the Commonwealth where it has intentionally or negligently misrepresented some material fact, knowing or having reason to know that another will justifiably rely on such misrepresentations and where such other person has been induced to act to his detriment justifiably relying on such misrepresentation. *Hauptmann v. Department of Transportation*, 59 Pa. Commonwealth Ct. 277, 429 A.2d 1207 (1981). Here, there is no evidence of a misrepresentation by the board, negligent or otherwise.

Order affirmed.

## Order

And Now, this 31st day of May, 1984, the order of the State Registration Board for Professional Engineers in the above-captioned matter is affirmed.