511 A.2d 247

Richard W. Burgit, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1986, before Judges BARRY and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Edward M. Pulaski,* for petitioner.

*Samuel Lewis,* with him, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 4, 1986:

Richard W. Burgit, the claimant, appeals from an order of the Unemployment Compensation Board of Review (Board), affirming a decision of the referee which denied the claimant benefits for failure to qualify under the "20%" rule contained in Section 401(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(a)(Supp. 1985).

The present application for benefits was filed with an effective date of September 30, 1984. Section 4(a) of the Law, 43 P.S. §753(a), defines a claimant's base year as "the first four of the last five completed calendar quarters immediately preceding the first day of the individual's benefit year." As the claimant's benefit year on this application would run forward from September 30, 1984, his base year would normally encompass the second, third and fourth quarters of 1983 and the first

quarter of 1984. Claimant, however, had filed a previous application for benefits with an effective date of October 2, 1983. Claimant's base year for that application for benefits encompassed the last two quarters of 1982 plus the first two quarters of 1983.

While the claimant was collecting benefits under his initial application for benefits, he inquired at the Office of Employment Security (OES) as to what would be necessary to qualify for benefits once his initial benefit year expired. He was told that all that was necessary was that he earn six times his weekly benefit rate under the initial application. The referee specifically found that the OES gave this misleading information to the claimant.

Upon the claimant's present application for benefits, the OES then determined that he was ineligible for the following reasons. In *Lewis v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 412, 454 A.2d 1191 (1978), we held that the Legislature, in enacting the Law, did not intend that an applicant could use the same quarter twice in two successive applications for benefits. As the second quarter of 1983 had been used in the claimant's first base year, the OES refused to use it in the base year on this application. Therefore, on the present application for benefits, claimant's wages which could be considered were (1) $9,526.00—third quarter of 1983, (2) $638.00—fourth quarter of 1983 and (4) no earnings for the first quarter of 1984. To be eligible for benefits, Section 401(a) of the Law requires, among other things, that "not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year." 43 P.S. §801(a)(Supp. 1985). To satisfy this requirement, the claimant would have had to have earned $1,381.50 outside of the third quarter of 1983. Having

failed to do so, the OES determined that the claimant was not qualified for benefits.

The claimant then filed an appeal to the referee. At that hearing, he testified that shortly after opening the original claim, he inquired at the OES office as to what would be required to open another claim should the first claim expire and he still be unemployed. He was told that all that was necessary would be to earn six times his weekly benefit rate, or $1,230.00. The claimant testified that if he had been aware of the "20%" rule, he would have spent at least a portion of the time taking odd jobs rather than devoting all of his time to finding full time employment. He finally testified that he was not informed of the "20%" rule until one week prior to the expiration of the first benefit year. The representative from OES, who testified at the hearing, agreed substantially with the claimant's testimony. While the referee made a specific finding concerning the misinformation given the claimant, he nonetheless denied benefits for failure to qualify under the "20%" rule. The Board affirmed and this appeal followed.

The claimant advances three arguments on this appeal, the first two of which have no merit. He first argues that the decision in *Lewis*, which prohibits the consideration of the same quarter on two successive applications for benefits, is wrong and should be overruled. The claimant, however, offers no valid reason for such a change other than the application of *Lewis* operates to deny him benefits. As this reason is insufficient, we refuse to overrule *Lewis*.

He also argues that if *Lewis* is valid law, the Law itself is violative of equal protection. According to the claimant's argument, the Law divides applicants into two separate categories, those whose base year encompasses four quarters and those like him, who, because of somewhat unique facts, have a base year which

includes only three quarters. He argues that the "20%" rule evidences the legislative intent of requiring one to show attachment to the labor force. *Martin v. Unemployment Compensation Board of Review,* 502 Pa. 282, 466 A.2d 107 (1983). The claimant does not challenge the constitutionality of the "20%" rule, nor could he successfully do so, for it has been held to be constitutional. *Id.* He argues, however, that the *Lewis* rule impermissibly creates two classes having no rational relationship to the objective of the Law. Using the rational basis test in economic legislation challenges, as we must, *id.,* we simply do not believe that claimant has met the burden of proving that the Law as interpreted violates equal protection.

The claimant finally argues that the Board is estopped from applying the "20%" rule because of the misleading statements given him by the OES. Both this Court and the Superior Court have recognized that misleading statements by the compensation authorities can operate as an estoppel. *Snipas v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 129, 401 A.2d 888 (1979); *Swope v. Unemployment Compensation Board of Review,* 199 Pa. Superior Ct. 34, 184 A.2d 415 (1962). Since the Board affirmed the referee's factual finding that claimant was in fact misled when he was not told of the "20%" rule by the OES, the Board erred in using that rule to disqualify the claimant from benefits.

Judge PALLADINO dissents.

### ORDER

Now, June 4, 1986, the December 6, 1984 order of the Unemployment Compensation Board of Review at No. B-236529 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.