535 A.2d 747

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 16, 1987, to Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Debra L. Mazen,* Assistant Counsel, for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 14, 1988:

These cases come before this Court on Petitions for Review. They were consolidated for appeal. Each case involves a claim for Federal Supplemental Compensation (FSC) benefits, which are governed by Section 602(f)(2)(B) of the Federal Supplemental Compensation Act of 1982 (the Act), Act of September 3, 1982, Pub. L. 97-248, *as amended,* codified at Notes to 26 U.S.C.A. Section 3304 (1987 Supp.). In order to receive FSC benefits under this Section of the Act, a claimant must have signed for the week which includes March 31, 1985, and any week thereafter, in a period of con-

secutive weeks for each of which he meets the eligibility requirements of this Act.

Claimant, Harold M. Huffman (Huffman), received FSC benefits for compensable weeks ending (CWE) February 2, 1985, through April 6, 1985. He did not claim benefits for CWE April 13, 1985 because he had earnings from a temporary job for which he received an amount greater than his weekly benefit rate plus partial benefit credit. When he resumed his claim the following week, CWE April 20, 1985, the Office of Employment Security (OES) denied benefits for that week. Huffman appealed and following a hearing, Referee Matthew J. Ercolino, affirmed the OES' determination. Huffman then appealed to the Unemployment Compensation Board of Review (Board), which reversed the decision of the Referee and granted benefits. OES requested reconsideration, which was denied. From the Board's final Order of January 30, 1986, OES petitioned for review to this Court on March 3, 1986.

Claimant, Eugene P. Mattis (Mattis), received FSC benefits for CWEs April 6, 1985 through June 1, 1985. He did not claim benefits for CWEs June 8, 1985 and June 15, 1985 because he was on National Guard duty and would consequently be ineligible for benefits. When he resumed his claim the following week, June 22, 1985, OES denied his claim for benefits for that week. Mattis appealed, and following a hearing, Referee Edward Solomon, Jr. affirmed the OES determination. Mattis then appealed to the Board, which reversed the decision of the Referee and granted benefits. OES requested reconsideration, which was granted. Following oral argument, the Board again reversed the decision of the Referee and granted benefits. OES petitioned this Court for review of the Board's final Order of January 16, 1986.

Claimant, Louise Rhoades (Rhoades), received FSC benefits for CWEs February 23, 1985 through March 30, 1985. She did not claim benefits for CWE April 6, 1985 because she went out of town for vacation and to seek employment and did not believe that she would be eligible for benefits for that week. When she resumed her claim the following week, April 13, 1985, OES denied her claim for benefits for that week. Rhoades appealed, and following a hearing, Referee Thomas W. Snyder, reversed the OES determination and granted benefits. OES appealed to the Board, which affirmed the decision of the Referee. OES petitioned this Court for review of the Board's final Order of January 30, 1986.

Initially, we note that this federal statute has become enforceable in this Commonwealth pursuant to Section 608 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended;* added by the Act of March 24, 1964, Special Sess., P.L. 53, 43 P.S. §848. Therefore, we must interpret the Congressional intent underlying this legislation in consonance with our rules of statutory construction.

The issue before this Court is whether the claimants are eligible for FSC benefits under Section 602(f)(2)(B) of the Act. This question was answered in the affirmative by the Board. OES, on appeal, contends that the Board created exceptions to the eligibility criteria of this section which were not contained in the express language of the law.

Section 602(f)(2)(B) of the Act reads:

In the case of an individual who is receiving Federal Supplemental Compensation for the week which includes March 31, 1985, such compensation shall continue to be payable to such individual in accordance with subsection (e) for

any week thereafter, in a period of consecutive weeks for each of which he meets the eligibility requirements of this Act.

Pursuant to this Section of the Act, a claimant must meet two requirements in order to have continued eligibility for FSC benefits. First, the claimant must have filed for and received FSC benefits for the week which includes March 31, 1985, that is CWE April 6, 1985. Second, the claimant must be eligible for and receive FSC benefits for each consecutive claim week thereafter with no breaks in the claim filing sequence. OES relies on the plain language of this statute and concludes that the legislature did not intend to create any exceptions to the requirement that a claimant must have filed for and received FSC benefits for CWE April 6, 1985 and for each consecutive claim week thereafter to be eligible for continued FSC benefits.

According to its legislative preface, the Act was enacted to phase out the Federal Supplemental Compensation Program. Based on this intent to phase out the Program, Congress enacted the strict eligibility rules contained in the statute as a means of removing from future FSC eligibility those who did not continue to be eligible for each consecutive benefit week.

The Board, in *Huffman,* concluded that the claimant's acceptance of the job should not have precluded him from receiving FSC benefits. In *Mattis,* the Board felt that the claimant's legal obligation to accept National Guard duty should not preclude his right to receive continuous benefits. Ultimately, the Board considered the equitable considerations to override the literal language of the Act.

The language of the Act is clear. This Court cannot disregard the plain language of a statute if the language is free and clear from all ambiguity. *See* Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S.

§1921(a). There are no enumerated exceptions to the clear mandate of the Act which requires that a claimant be eligible for and receive FSC benefits for each consecutive claim week thereafter with no breaks in the claim filing sequence. There is no question in either of these two cases that there was a break in the claim week filing sequence. Therefore, following the plain language of the statute and the clear intent of Congress in enacting it, we are constrained to deny benefits to these two claimants.

In the *Rhoades* case, the Board based its decision to award benefits upon a finding that OES had misinformed the claimant concerning her eligibility for FSC benefits. The Board made the following findings of fact:

4. On April 1, 1985, the claimant contacted the Office of Employment Security and informed them that she was going out of town on a vacation as well as to seek employment.

5. The Office of Employment Security dutifully informed the claimant that a decision regarding the week the claimant would be out of the area would be made upon her return.

6. The claimant did not then sign for compensable week ending April 6, 1985, because she believed she would not meet the eligibility requirements for said week.

This Court has held in the case of *Burgit v. Unemployment Compensation Board of Review*, 97 Pa. Commonwealth Ct. 615, 511 A.2d 247 (1986), *petition for allowance of appeal denied*, 515 Pa. 625, 531 A.2d 432 (1987), that misleading statements made by OES can operate as an estoppel to the denial of benefits. The claimant in this case was clearly given misleading information as to her eligibility for benefits. The claimant was ready, willing and able to sign for the benefits prior

to leaving town. However, the information supplied by OES to the claimant made her refrain from doing so. Therefore, we will affirm the Board's decision that OES cannot deny this claimant benefits after having given her misleading information as to her eligibility.

Accordingly, for the reasons set forth in this opinion, we reverse the Orders of the Board granting benefits to claimants Huffman and Mattis, and affirm the Order of the Board granting benefits to claimant Rhoades.

### ORDER

AND NOW, this 14th day of January, 1988, the Orders of the Unemployment Compensation Board of Review, in Nos. 367 C.D. 1986 and 554 C.D. 1986 are reversed. The Order of the Unemployment Compensation Board of Review in No 443 C.D. 1986 is affirmed.