IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Malarik,                          :
                    Petitioner             :
                                           :
          v.                               :    No. 227 C.D. 2016
                                           :    SUBMITTED:  August 12, 2016
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                      FILED:  October 14, 2016

          James M. Malarik (Claimant) petitions for review, *pro se*, from an
order of the Unemployment Compensation Board of Review (Board) denying
unemployment compensation (UC) benefits because his base year wages did not
satisfy the financial eligibility requirements of Sections 401(a) and 404 of the
Unemployment Compensation Law (Law).[1]  He argues the 2012 amendment to the
Law's financial eligibility requirements does not apply to him as he received no
notice of the change.  He contends the lack of notice violates his constitutional due
process rights under the 5th and 14th Amendments of the U.S. Constitution.[2]  We
affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§
801(a), 804.

[2] U.S. CONST. amends. V, XIV.

**Background**

Claimant worked for the Pittsburgh Pirates as a cleaner during baseball season until his layoff in October 2015. He filed a claim for UC benefits with the local service center. He then received a Notice of Financial Determination from the Department of Labor and Industry stating that he was not financially eligible. The notice reflected his base year wages by quarter as follows: $4,339 in the 3rd quarter of 2014; $751 in the 4th quarter of 2014; $0 in the 1st quarter of 2015; and, $2,361 in the 2nd quarter of 2015.

Claimant appealed, and a referee conducted a hearing at which only Claimant, represented by counsel, appeared. Claimant testified he had no notice of the 2012 amendment to Section 401(a) of the Law[3] that changed the formula used to calculate financial eligibility for benefits. Prior to the amendment, an eligible UC claimant needed to earn at least 20% of his base year wages outside of his highest paid quarter. After the amendment, a UC claimant must earn at least 49.5% of his base year wages outside of his highest paid quarter. Claimant asserts if he knew about the change, he would have requested more overtime to meet eligibility criteria.

The referee found Claimant's base year consisted of the last two quarters in 2014, and the first two quarters in 2015. He found Claimant's total base year wages equaled $7,452, with his highest quarter earnings in the 3rd quarter of 2014, of $4,339. The referee concluded Claimant was financially ineligible because his earnings in one or more quarters, excluding his highest quarter, did not comprise at least 49.5% of his total base year earnings as required by Section 401(a)(2) of the Law. Claimant appealed to the Board, which adopted the referee's findings and conclusions.

_____

[3] As *amended by* Section 10 of the Act of June 12, 2012, P.L. 577.

Claimant filed a petition for review to this Court.[4]

**Discussion**

Claimant does not challenge the referee's findings regarding his base year earnings, the amount of his quarterly earnings, or which quarters were used to determine his financial eligibility. Rather, Claimant challenges the constitutionality of the Board's order. Specifically, he asserts that because he did not receive notice as to the current financial eligibility criteria, applying the criteria to him violates his due process rights.

It is a claimant's burden to prove his financial eligibility for benefits. *Pagliei v. Unemployment Comp. Bd. of Review*, 37 A.3d 24 (Pa. Cmwlth. 2012). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of Sections 401(a) and 404 of the Law for his base year. 43 P.S. §§801(a), 804. A claimant's UC benefit is calculated based upon wages earned during his "base year," which is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a), 43 P.S. § 753(a). Section 404 of the Law establishes the manner in which the UC benefit shall be calculated for an eligible employee. 43 P.S. § 804. Section 401(a) of the Law provides:

> Compensation shall be payable to any employe who is or becomes unemployed and who[:]
>
> (a) [s]atisfies *both* of the following requirements:
>
> (1) [h]as, within his base year, been paid wages for employment as required by Section 404(c) of this act.

---

[4] Our scope of review of the Board's decision on financial eligibility is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law, and whether constitutional rights were violated. *Devine v. Unemployment Comp. Bd. of Review*, 101 A.3d 1235 (Pa. Cmwlth. 2014).

3

(2) Except as provided in section 404(a)(3), *not less than forty-nine and one-half percentum (49.5%) of the employe's total base year wages have been paid in one or more quarters*, other than the highest quarter in such employe's base year.

43 P.S. §801(a) (emphasis supplied). The current version of Section 401(a), effective as of January 1, 2013, applies to Claimant.

There is no dispute regarding the amount of Claimant's base year wages. His total base year wages equaled $7,452. In his highest quarter, Claimant earned $4,339. In the remaining three quarters combined, he earned $3,122. Under the prior version of Section 401(a), Claimant would have met the 20% threshold for base year wages because he earned at least $1,490 outside of his most lucrative quarter. However, applying the current law, Claimant did not meet the 49.5% threshold because he did not earn at least $3,689 outside his highest quarter of his base year.

Essentially, Claimant asserts the Board erred in applying the current threshold percentage for financial eligibility to him when he did not receive notice of this amendment. He contends that lack of notice violated his due process rights. We reject this contention.

At the outset, we note it is unclear whether Claimant raises a procedural or substantive due process claim. In his uncounseled brief, Claimant cites only the 5th and 14th Amendments to the U.S. Constitution to support his argument. The 14th Amendment, applicable to the states through the 5th Amendment, provides: "No State … shall deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, §1. Claimant's general invocation of due process rights under the U.S. Constitution does not specify the manner in which he was deprived of due process. As there is no dispute the Department provided Claimant with notice of its financial

4

determination, and an opportunity to contest it at a hearing, he received procedural due process. *State Emps.' Ret. Sys. v. Pennsylvanians for Union Reform*, 113 A.3d 9 (Pa. Cmwlth. 2015). Therefore, we will consider whether the application of the 2012 amendment infringed on Claimant's substantive due process rights.

The first step in evaluating a substantive due process claim is identifying the underlying interest and showing that interest is protected by the 14th Amendment. Here, Claimant asserts a property interest in prospective UC benefits.

However, there is no fundamental right to receive unemployment compensation. *Lewis v. Unemployment Comp. Bd. of Review*, 454 A.2d 1191 (Pa. Cmwlth. 1983); *Wallace v. Unemployment Comp. Bd. of Review*, 393 A.2d 43 (Pa. Cmwlth. 1978). "The test for substantive due process in the areas of social and economic legislation, including unemployment compensation laws, is whether the challenged law has a rational relation to a valid state objective." *McFadden v. Unemployment Comp. Bd. of Review*, 806 A.2d 955, 960 (Pa. Cmwlth. 2002) (citation omitted).

Significantly, this Court recently upheld the constitutionality of the threshold percentage in *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235 (Pa. Cmwlth. 2014) under this rational basis standard of review. In *Devine*, the claimant, who worked during baseball season, challenged the 2012 amendments as applied to her on equal protection grounds.[5] We held the requirement that a claimant earn a percentage of base year earnings outside her highest quarter was legitimate and rationally related to ensuring eligible employees

---

[5] Where no fundamental right is involved, we apply the same level of scrutiny in a substantive due process claim as we do to an equal protection claim under the 14th Amendment. *Griffin v. Southeastern Pennsylvania Transportation Authority*, 757 A.2d 448 (Pa. Cmwlth. 2000); *Lewis v. Unemployment Comp. Bd. of Review*, 454 A.2d 1191 (Pa. Cmwlth. 1983).

earned sufficient wages. The percentage determined by the legislature was a reasonable means of improving the correlation between statistics and the reality of attachment to the workforce. *Id.* (construing *Martin v. Unemployment Comp. Bd. of Review,* 466 A.2d 107 (Pa. 1983)). As such, the amendment passes constitutional muster.

With respect to Claimant's specific complaint that he was not given notice of the amendment, we note that agencies are not tasked with providing personal notice of changes in law to all potentially impacted citizens. *See Grimaud v. Dep't of Envtl. Prot.,* 638 A.2d 299, 301 (Pa. Cmwlth. 1994) (rejecting landowners' assertion of right to "actual and personal notice" of permit issuance). "It would be unreasonable and illogical to require, under principles of constitutional due process, that every citizen of the Commonwealth having any interest in [a decision on public improvement] is entitled to personal notice." *Id.*

Moreover, even when a party possesses a recognized property right affected by a change in law, publication of a law constitutes sufficient notice of its enactment. *Heckert v. Dep't of State, Bureau of Prof'l & Occupational Affairs*, 476 A.2d 481 (Pa. Cmwlth. 1984) (holding personal notice of amendment to licensure statute not required). "When enacting legislation affecting substantial rights, the Legislature need do no more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize themselves with its terms and to take action to preserve their rights." *Id.* at 482-83. Unawareness of an amendment to a law offers no basis to preclude its application. *Id.*

In sum, Claimant's lack of actual notice of the change in Section 401(a) of the Law did not insulate him from its application. Accordingly, the Board did not violate his due process rights when it applied the current threshold percentage to him.

6

**Conclusion**

For the foregoing reasons, we affirm the Board's order.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Malarik, : 
        Petitioner : 
         : 
        v. : No. 227 C.D. 2016
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

## O R D E R

AND NOW, this 14th day of October, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

_____
JULIA K. HEARTHWAY, Judge