# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer M. Hemme,                        :
                        Petitioner        :
                                          :
        v.                                :    No. 73 C.D. 2019
                                          :    Submitted:  May 10, 2019
Unemployment Compensation                 :
Board of Review,                          :
                        Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 21, 2019**


        Petitioner Jennifer M. Hemme (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision of a Referee, holding that Claimant was not eligible for benefits under Section 404(c) of the Unemployment Compensation Law (Law),[1] relating to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(c).  Section 404(c) of the Law provides:

(c) If an otherwise eligible employe[e] has base year wages in an amount equal to or in excess of the amount of qualifying wages appearing in Part C of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part B there appears his weekly benefit rate, as determined under subsection (a) of this section, and had eighteen (18) or more credit weeks during his base year, he shall be entitled during his benefit year to the amount appearing in Part B on said line multiplied by the number of credit weeks during his base year,

financial eligibility. For the reasons set forth below, we now affirm the Board's order.

Claimant worked for Source 4 Teachers, Riverview Intermediate Unit 6, and Northwest Tri-County Intermediate Unit 5 (Employers) as a substitute teacher.[2] Thereafter, Claimant filed an application for unemployment compensation benefits, effective April 1, 2018. The Erie Unemployment Compensation Service Center (Service Center) determined that Claimant was not financially eligible for unemployment compensation benefits. (Certified Record (C.R.), Item No. 3, at 1.)

Claimant appealed this determination to the Referee, who conducted a hearing. Employers did not participate in the hearing. (C.R., Item No. 8.) Claimant testified and entered evidence into the record before the Referee. (*Id.*) Claimant testified that she appealed the "fact that [Employers] only paid [her] this amount of money instead of a salary for the year." (*Id.* at 5.) Claimant alleged that Employers did not pay her a fair wage and she has filed claims with the Wage and Hour Division and the Magisterial District Court. (*Id.* at 6.)

The Referee made the following findings of fact:

1. [Claimant] filed an application for unemployment compensation benefits effective April 1, 2018.

2. [Claimant's] base year includes the first, second, third and fourth quarters of 2017.

---

up to a maximum of twenty-six (26). Notwithstanding any other provision of this act, any employe[e] with less than eighteen (18) credit weeks during the employe[e]'s base year shall be ineligible to receive any amount of compensation.

[2] Due to the nature of Claimant's position, she worked as a substitute teacher in multiple school districts and for multiple employers. According to the record, Claimant received wages from General McLane School District, Harbor Creek School District, Northwestern School District, Union City Area School District, Northwest Tri-County Intermediate Unit, Source 4 Teachers LLC, NBM Testing Inc., and the State of Maryland. (Certified Record, (C.R.) Item No. 2.)

2

3. [Claimant] had no earnings in the first quarter of 2017.

4. [Claimant] had reported earnings of $142 in the second quarter of 2017.

5. [Claimant] had reported earnings of $135 in the third quarter of 2017.

6. [Claimant] had reported earnings of $716 in the fourth quarter of 2017.

7. [Claimant's] total base year earnings were $993.

(C.R., Item No. 9.) Based on these findings, the Referee affirmed the Service Center's decision, determining that Claimant was not financially eligible for unemployment compensation benefits pursuant to Section 404(c) of the Law. (*Id.*) The Referee based this decision on his calculation of Claimant's base year wages and Claimant's failure to sustain her burden of proving sufficient base year wages. (*Id.*)

Claimant appealed the decision to the Board. (C.R., Item No. 10.) The Board adopted and incorporated the Referee's findings and concluded that the Referee properly determined that Claimant was not financially eligible for unemployment compensation benefits. (C.R., Item No. 12.) In so doing, the Board reasoned:

In her appeal, [C]laimant provides information as to her interactions with the state of Maryland regarding unemployment compensation in that state. [C]laimant did not provide any of that information at the hearing or testify to anything regarding Maryland unemployment or wages from that state. Therefore, the Board may not consider such extra-record evidence in reaching its decision and avoided doing so here. Further, by not raising the issue at the hearing, [C]laimant has waived consideration of that issue. [C]laimant also continues to maintain that her financial eligibility should be calculated based on the fair salary of all school teachers in the school district where [she] worked. This method of calculating one's financial

3

eligibility is not provided for in the Law. Finally, [C]laimant asks questions in an email sent to the Board and states that she was unable to get through to the Department of Labor & Industry (Department) for answers to her questions. The Board suggests that for answers to her questions, she use the designated phone located at CareerLink offices, which will provide her with a direct line to a Department representative.

(*Id.* (emphasis omitted).)

On appeal,[3] Claimant challenges the Board's conclusion that she was not financially eligible for unemployment compensation benefits. Specifically, Claimant argues that she did not receive the proper salary for her prior work experience and certification level. Claimant claims that the salary that she *should* have received should be included in the calculation of her base year wages in determining whether Claimant was financially eligible for unemployment compensation benefits. The Board argues that this Court lacks jurisdiction to decide whether Employers paid Claimant incorrectly.[4]

"A claimant has the burden to prove financial eligibility for unemployment benefits." *Pagliei v. Unemployment Comp. Bd. of Review*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of Sections 401[5] and 404 of the Law.

---

[3] Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

[4] We note that the documents presented by the Board regarding the Referee and Board decisions are in regards to an earlier proceeding involving Claimant. (Respondent's Br. at App.) The relevant documents are in the certified record, and we have relied upon them.

[5] Section 401 of the Law, 43 P.S. § 801. Section 401(a) of the Law provides:

Compensation shall be payable to any employe[e] who is or becomes unemployed, and who—

4

Moreover, "Sections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation." *Devine v. Unemployment Comp. Bd. of Review*, 101 A.3d 1235, 1239 (Pa. Cmwlth. 2014).

In order to be financially eligible for unemployment compensation benefits under Section 401(a) of the Law, a claimant must show that she was "paid wages for employment as required by [S]ection 404(c)" of the Law and that "not less than thirty-seven per centum (37%) of the employe[e]'s total base year wages [were] paid in one or more quarters, other than the highest quarter in such employe[e]'s base year."[6]  Pursuant to Section 404(c) of the Law, "an otherwise eligible employe[e] [must have] base year wages in an amount equal to or in excess of the amount of qualifying wages appearing in Part C of the Table Specified for the Determination of Rate and Amount of Benefits" (Table) in order to receive benefits. The Table provides that a claimant must have quarterly wages in the amount of at least $1,688 and total qualifying wages in the amount of at least $2,718. Section 4(e)(1) of the Law, 43 P.S. § 804(e)(1).

_____

(a) Satisfies both of the following requirements:

(1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act.

(2) Except as provided in section 404(a)(3) and (e)(1) and (2), not less than thirty-seven per centum (37%) of the employe[e]'s total base year wages have been paid in one or more quarters, other than the highest quarter in such employe[e]'s base year.

[6] The term "base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law, 43 P.S. § 753(a). "Wages" are defined as "all remuneration . . . paid by an employer to an individual with respect to his employment." Section 4(x) of the Law, 43 P.S. § 753(x). Section 4(x) of the Law identifies certain types of remuneration not included under the term "wages," but none of the excluded forms of remuneration are relevant here.

5

Here, Claimant did not earn at least $1,688 in any of her base year quarters, and her total base year wages were only $993. (C.R., Item No. 9 at 2.) Thus, Claimant was not financially eligible for unemployment compensation benefits under Section 404(c) of the Law.

Claimant, nevertheless, argues that her financial eligibility should be determined based on what she *should* have earned as a salaried teacher, accounting for her educational credentials and her past experience under collective bargaining, rather than what Employers actually paid Claimant during her base year. Claimant's suggested method of calculating her financial eligibility, however, is not supported by the Law. Financial eligibility is based on wages actually paid to a claimant, not what a claimant believes she should have been paid.

Claimant next argues that based on her education level, Employers erred when they placed Claimant on the day-to-day substitute list, thus depriving her of potential wages. Again, the position that Claimant *should* have received is not a consideration in the calculation determination for financial eligibility. Only the wages actually paid to Claimant can be considered in the calculation.

Finally, Claimant cites to various unemployment compensation regulations of the Department in support of her position. The first Department regulation she cites, pertaining to full-time employment, provides guidance on how to determine a claimant's full-time work when determining whether a claimant is employed, which is not relevant to the matter now before the Court. *See* 34 Pa. Code § 65.73. The second Department regulation cited by Claimant, pertaining to computation of weekly wage, provides, in part, that "[i]t is an objective of the Pennsylvania Unemployment Compensation Program that an unemployed, *eligible* claimant shall be compensated for at least 50% of his weekly wage loss." 34 Pa.

6

Code § 65.113(c) (emphasis added). Claimant points to this regulation as a basis for entitlement to unemployment compensation benefits. Claimant, however, is not an *eligible* claimant, and, therefore, this regulation does not apply to Claimant. The third Department regulation cited by Claimant merely provides guidance as to how to calculate the full-time weekly wage, and Claimant does not articulate and we cannot discern how this regulation applies to the present case. *See* 34 Pa. Code § 65.115. Finally, Claimant cites to regulations of the State Board of Education in support of her contention that Employers should have paid her higher wages. *See* 22 Pa. Code § 49.153 (Vocational Day-to-Day Substitute Permit) and 22 Pa. Code § 49.102 (Educational Specialist I). Claimant claims that Employers incorrectly placed her in this employment category of "Day-to-Day Substitute" and should have placed her in the category of "Educational Specialist I" due to her experience level and because she did not require further training. The issue before this Court is whether Claimant, based on her *actual* wages, is eligible for unemployment compensation benefits, and the Court will not consider in the context of an unemployment compensation appeal whether Employers complied with regulations of the State Board of Education. Claimant's arguments, therefore, are without merit.

Accordingly, we affirm the Board's order determining that Claimant was not financially eligible for unemployment compensation benefits.

P. KEVIN BROBSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer M. Hemme,
                Petitioner

      v.

Unemployment Compensation
Board of Review,
                Respondent

: 
: 
: 
:   No. 73 C.D. 2019
: 
: 
: 
: 
: 

## **O R D E R**

AND NOW, this 21st day of August, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

P. KEVIN BROBSON, Judge